# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GIANNA TORRES,<br><br>        Plaintiff,<br><br>v.<br><br>MALIBU COMPANIES, LLC, a Utah limited liability company, d/b/a MAIN & SKY,<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL<br><br>Case No. 2:18-cv-00007-JNP-PMW<br><br>District Judge Jill N. Parrish<br><br>Chief Magistrate Judge Paul M. Warner |

District Judge Jill N. Parrish referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiff Gianna Torres's ("Plaintiff") motion to compel (the "Motion").[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah (the "Local Rules"), the court has concluded that oral argument is not necessary and will decide the Motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

## **BACKGROUND**

The Motion seeks an order (1) overruling Defendant Malibu Companies, LLC's ("Defendant") objections to Plaintiff's Interrogatory No. 12 and Request for Production No. 17

---

[1] *See* docket no. 23.

[2] *See* docket no. 31.

(collectively, the "Outstanding Discovery Requests"); (2) compelling Defendant to provide full and complete responses to the Outstanding Discovery Requests; and (3) awarding Plaintiff her reasonable expenses incurred in connection with the filing of the Motion. Defendant opposes the Motion.

**STANDARD**

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

**DISCUSSION**

Plaintiff's Interrogatory No. 12 asks Defendant to "identify [Defendant's] annual gross sales for the calendar years 2015 and 2016."[3] Request for Production No. 17 asks Defendant to "[p]roduce documents showing [Defendant's] gross sales for the calendar years 2015 and 2016."[4] Defendant objected to the Outstanding Discovery Requests as seeking "proprietary and

---

[3] Docket no. 31-2 at 4.

[4] *Id.* at 5.

2

confidential business information" and because they seek "information other than for the 12 month period preceding [Plaintiff's] claims."[5]

Plaintiff argues that the Outstanding Discovery Requests are relevant to the parties claims and defenses because Plaintiff has asserted multiple claims under the Fair Labor Standards Act ("FSLA"). For the FSLA to apply to Defendant, it must be established that Defendant is an "enterprise engaged in commerce or in the production of goods for commerce," which requires a showing that Defendant's annual gross sales were no less than $500,000 (exclusive of sales tax). 29 U.S.C. §§ 203(s)(1)(A), 207. Moreover, in its answer to the complaint, Defendant denied that its gross sales were equal to or greater than $500,000 in the relevant time period.

Defendant argues that because "the FSLA's regulations calculate the requisite sales volume for the '12-month period which immediately precedes the quarter-year [at issue]'" and "Plaintiff was only employed from early June 2016 to mid-August 2016" the Outstanding Discovery Requests are unnecessary and overbroad.[6] Defendant again argues that the information requested confidential and proprietary because "restaurant sales information is highly valuable as it would allow other businesses such as competitors and landlords to focus on [its] business and even alter rental rates."[7]

The court is unpersuaded by Defendant's arguments. First, Plaintiff is not limited in what she may discover by the FSLA regulations' calculations, or by what Defendant thinks is

---

[5] *Id.* at 4-5.

[6] Docket no. 32 at 2.

[7] *Id*. at 2-3.

3

necessary for Plaintiff to prove her case at trial. The court finds that the requested information is relevant to the claims and defenses and proportional to the needs of the case. Defendant cannot have it both ways. Defendant cannot assert in its answer that its gross sales do not exceed $500,000, and then refuse to produce the documents that would support this assertion.

Moreover, to the extent the information sought in the Outstanding Discovery Requests is confidential and proprietary, the court is convinced that such information is sufficiently protected by the Standard Protective Order (the "SPO"). Pursuant to Rule 26-2 of the Local Rules, "[u]nless the court enters a different order, pursuant to motion or stipulated motion, the [SPO] . . . shall govern and discovery under the [SPO] shall proceed." DUCivR 26-2(a)(1). The SPO provides that parties may designate "confidential or proprietary technical, scientific, financial, business, health, or medical information" as confidential information.[8] Confidential information may only be disclosed to "Qualified Recipients," as defined by the SPO.[9] Accordingly, the court is unpersuaded by Defendant's argument that competitors or landlords would obtain information produced to Plaintiff in the course of this litigation.

Finally, Defendant raises for the first time in its opposition to the Motion its objection that "Plaintiff has not sought the information for the entity that operated the restaurant."[10] The court fails to see how this is relevant to the dispute before it. Defendant is the party against whom Plaintiff asserts its claims, and the party who denied in its answer to the complaint that its

---

[8] SPO at 2, *available at* http://www.utd.uscourts.gov/usdc-forms.

[9] SPO at 9-11.

[10] Docket no. 32 at 2.

gross sales exceed $500,000. Therefore, the Outstanding Discovery Requests are relevant to the claims and defenses in this action.

## **CONCLUSION**

In conclusion, the court concludes that the Outstanding Discovery Requests are "relevant to the parties' claims and defenses and are proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Accordingly, the court hereby GRANTS the Motion and ORDERS that,

1. Defendant's objections to the Outstanding Discovery Requests are overruled;

2. Defendant shall provide full and complete responses to the Outstanding Discovery Requests within fourteen (14) days of the date of this order; and,

3. Plaintiff shall be awarded reasonable expenses, including attorney fees, incurred in making the Motion. *See* Fed. R. Civ. P. 37(a)(5)(A). Plaintiff is directed, within fourteen (14) days of the date of this order, to file an affidavit and cost memorandum detailing the reasonable expenses, including attorney fees, incurred in connection with the Motion. Defendant will then have fourteen (14) days to respond to Plaintiff's affidavit and cost memorandum. After receiving the parties' briefs, the court will make a final determination concerning the amount of sanctions imposed upon Defendant.

IT IS SO ORDERED.

DATED this 20th day of November, 2018.

BY THE COURT:

_____
PAUL M. WARNER
Chief United States Magistrate Judge